IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Merchant Processing Solutions, LLC, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | No. 14-cv-1814 |
| | ) | |
| v. | ) | Hon. Robert M. Dow, Jr., D.J. |
| | ) | |
| Martino, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO DISMISS AMENDED COMPLAINT

Defendant, Thomas F. Martino, requests that this Court enter an order pursuant to Federal Rule of Civil Procedure 12(b)(3) dismissing the complaint of Merchant Processing Solutions, LLC, doing business as Payment Systems Corp. (hereinafter "PSC"), and IPS Los Angeles, LLC ("IPS") and, in support thereof, states:

### "Facts"

Defendant believes that the majority of allegations made by Plaintiffs in their complaint are false, but for purposes of this Motion to Dismiss, Defendant will accept them as true, including the following:

Martino began working for plaintiff IPS, which is the Los Angeles regional office of plaintiff PSC, in February 2013. Amended Complaint, ¶¶ 3, 11, 14. In August 2013 he was promoted by the Plaintiffs and executed the "Employment Agreement" attached as Exhibit A to the Amended Complaint. *Id.*, ¶ 16. The Employment Agreement obligated Martino to be loyal to IPS, not to compete with IPS, to keep IPS's trade secret information confidential and not to solicit IPS's clients or employees for two years after termination of his employment. *Id.*, ¶¶ 17, 18. Martino resigned on December 30, 2013 (*id.*, ¶ 21) and, in violation of his Employment

Agreement, allegedly misappropriated Plaintiffs' trade secrets, perpetrated a fraud on Plaintiffs by not telling Plaintiffs he was preparing to steal trade secrets, intentionally interfered with the Plaintiffs' existing customer relationships and breached his fiduciary duty to Plaintiffs.

Missing from Plaintiffs' factual allegations is Section 10 of the Employment Agreement, titled Dispute Resolution and Binding Arbitration. Section 10 is a critical term that governs the proper venue for any disputes arising out of or relating to Defendant's employment with Plaintiffs:

> 10. **Dispute Resolution and Binding Arbitration**
>
> A. The Parties agree that any dispute that arises out of, or relates to, Employee's employment with Company, including but not limited to any dispute against any present or former officer, director, employee, agent, attorney, or insurer of Company, shall be submitted to binding arbitration pursuant to the Federal Arbitration Act using the procedural rules for the resolution of employment disputes of the American Arbitration Association then in effect . . . The arbitration shall take place in the County of Los Angeles, California. The Parties Agree to submit to the jurisdiction of the arbitrator selected in accordance with the American Arbitration Association rules and procedures. The Parties agree that this arbitration procedure will be the exclusive means of redress for any disputes relating to or arising from Employee's employment with Employer, including disputes over rights provided by federal, state, or local statutes, regulations, ordinances, and common law. . . .

*Id.*, Exhibit A to Plaintiff's Amended Complaint.

Section 11 of the Employment Agreement also is relevant as it provides that Defendant is entitled to the payment of his costs and attorneys' fees if this Court dismisses Plaintiffs' Amended Complaint and determines he is a "prevailing party."

**Argument**

**A. Dismissal**

"[A] Rule 12(b)(3) motion to dismiss for improper venue . . . is the proper procedure to use when the arbitration clause requires arbitration outside the confines of the district court's district." *Faulkenberg v. CB Tax Franchise Systems, LP*, 637 F.3d 801, 808 (7th Cir. 2011). The Federal Arbitration Act "provides that an arbitration provision in a 'contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Id.*, *quoting* 8 U.S.C. § 2. "'[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Id.* (*quoting Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983)). State law governs whether the parties elected to arbitrate, and courts in this district typically respect the law chosen by the parties in their agreement. *Id.* at 809. The parties to the Employment Agreement selected California (Amended Complaint, Exhibit A, ¶ 21), but, as set forth below, there are no material differences between California and Illinois law and so the selection is not relevant to this motion to dismiss.

The arbitration clause in the Employment Agreement, attached to Plaintiffs' complaint, requires arbitration regarding "any dispute that arises out of, or relates to, [Martino's] employment with [IPS]." "Where there is a valid arbitration agreement and the parties' dispute falls within the scope of that agreement, arbitration is mandatory and the trial court must compel it." *Griffith v. Wilmette Harbor Association, Inc.*, 378 Ill. App. 3d 173, 180 (1st Dist. 2007) (*quoting Travis v. American Manufacturers Mutual Insurance Co.*, 335 Ill. App. 3d 1171, 1175 (5th Dist. 2002)); *Elijahjuan v. Superior Court*, 210 Cal. App. 4th 15, 27 (Cal. App. 2 Dist. 2012). Moreover, "arbitration clauses containing language such as 'arising out of' are

'extremely broad' and 'necessarily create a presumption of arbitrability.'" *Faulkenberg*, 637 F.3d at 810-11 (*quoting Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909-10 (7th Cir. 1999)); *Elijahjuan* 210 Cal. App. 4th at 27-28 ("Broad arbitration clauses such as this one are consistently interpreted as applying to extra-contractual disputes between the contracting parties").

Since all seven counts of the Amended Complaint arise out of Martino's employment with IPS, and his alleged employment with MPS as the parent company of IPS, this matter ought to be dismissed for improper venue. *See Faulkenberg*, 637 F.3d at 810 (dismissing the plaintiff's claim for improper venue because the franchise agreement on which it was based stated "[a]ll claims are subject to arbitration in Houston, Texas"); *Lara v. Onsite Health, Inc.*, 896 F. Supp. 2d 831 (N.D. Cal. 2012) (granting motion to compel arbitration based on arbitration agreement between employer and employee); *Melena v. Anheuser-Busch, Inc.*, 219 Ill. 2d 135 (2006) (employee's retaliatory discharge claim should have been dismissed pursuant to an arbitration clause contained in her employee handbook).

### B. Payment of Costs and Attorneys' Fees

Plaintiffs drafted the Employment Agreement and are aware that they must arbitrate any disputes arising out of the Employment Agreement, and are not allowed to file suit in the Northern District of Illinois. However, in an attempt to avoid the cost of paying for arbitration proceedings, including the cost of an arbitrator, as is required by the American Arbitration Association rules for employment matters, Plaintiffs filed this action and ignored the clear terms of the Employment Agreement. But for Plaintiffs' deliberate disregard of the terms of the Employment Agreement, Defendant would never have had to file an appearance before this Court or file this Motion to Dismiss. Consequently, Defendant requests that the Court find

him to be the "prevailing party," as defined in Section 11 of the Employment Agreement, and order Plaintiffs to pay all costs and attorneys' fees resulting from his appearance before this Court.

    WHEREFORE Thomas F. Martino requests that this Court enter an order pursuant to Federal Rule of Civil Procedure 12(b)(3) dismissing the plaintiffs' complaint and awarding him his costs and attorneys' fees in accordance with Section 11 of the Employment Agreement.

            Respectfully submitted,

            THOMAS F. MARTINO

           /s/ Alastar S. McGrath
By:  _____
            One of his attorneys

Jerome R. Weitzel
Alastar S. McGrath
John N. Rapp
KOZACKY & WEITZEL, P.C.
55 W. Monroe St., Suite 2400
Chicago, Illinois 60603
(312) 696-0900

## CERTIFICATE OF SERVICE

        I, John N. Rapp, an attorney, certify that I caused copies of defendant's MOTION TO DISMISS AMENDED COMPLAINT to be served on the following parties via ECF on June 17, 2014: **Steven Alan Heath** (saheath@heathsteinbeck.com) and **Roger Randolph Steinbeck** (rsteinbeck@heathsteinbeck.com), Heath & Steinbeck, LLP, 2500 Broadway, Suite F-125, Santa Monica, CA 90404; **James William Davidson** (jdavidson@ohaganlaw.com), O'Hagan LLC, 1 East Wacker, Suite 3400, Chicago, IL 60601.

        /s/ John N. Rapp
        _____